FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2019 NOV 26  PM 3: 52

UNITED STATES OF AMERICA

v.

JEREMIAH BEZROKOFF
DAVID FUNES

CASE NO.  3:19-cr-215-J- 39 PDB
18 U.S.C. § 1349
18 U.S.C. § 1957
42 U.S.C. § 1320a-7b(b)(1)(A)

## INFORMATION

The United States Attorney charges:

### COUNT ONE
(Conspiracy)

#### A. Introduction

At all times material to this Information:

1.      Defendant JEREMIAH BEZROUKOFF was a patient recruiter,
doctor recruiter, and pharmacy recruiter for Company 1.   JEREMIAH
BEZROUKOFF maintained signature authority on the following bank
accounts: Wells Fargo bank accounts ending in 5218 and 4373; Bank of
America accounts ending in 9492 and 7290; and a SunTrust account ending in
3881.

2.      Defendant DAVID FUNES was a patient recruiter and doctor
recruiter for Company 1.   DAVID FUNES maintained signature authority on

the following bank accounts: a Wells Fargo account ending in 3280; VyStar

accounts ending in 7907 and 0474; and a SunTrust account ending in 3881.

3.      Co-conspirator Felmor Agatep was a medical doctor licensed in

Florida who resided and practiced medicine in the Middle District of Florida,

and was not a TRICARE provider.

4.      Unindicted co-conspirator A owned and operated Company 1

and maintained signature authority on Company 1's business bank accounts at

SunTrust Bank, to include the account ending in 7133.

5.      Unindicted co-conspirator B owned and operated Pharmacy 1,

and maintained signature authority on Pharmacy 1's business bank accounts

at Center State Bank, to include the accounts ending in 4652 and 2973.

6.      TRICARE was a health care program of the United States

Department of Defense ("DOD") Military Health System that provided

coverage for DOD beneficiaries worldwide, including active duty service

members, retirees, their families, and survivors.   Individuals who received

health care benefits through TRICARE were referred to as TRICARE

beneficiaries.   TRICARE was a health care benefit program, as defined by

18 U.S.C. § 24(b), that affected commerce, as that term is used in 18 U.S.C.

§ 1347, and a Federal health care program, as defined by 42 U.S.C.

§ 1320a-7b(f), that affected commerce, as that term is used in 42 U.S.C. § 1320a-7b(b).

7.      Company 1 was a marketing firm that employed sales representatives to market compounded medications, specifically creams for pain and scars, among others to beneficiaries of health care benefit programs. Company 1 maintained bank accounts with SunTrust Bank, including account number ending in 7133. Company 1 operated out of a residence in Jacksonville, Florida (Company 1 – residence), and out of a storefront location in Jacksonville, Florida (Company 1- Storefront).

8.      Pharmacy 1 was a retail and compounding pharmacy that provided compounded drugs to TRICARE beneficiaries.   Pharmacy 1 maintained bank accounts with Center State Bank, including account numbers ending in 4652 and 2973.

9.      Pharmacy 2 was a retail and compounding pharmacy located in Auburndale, Florida that provided compounded drugs to TRICARE beneficiaries.

10.    Pharmacy 3 was a retail and compounding pharmacy located in Gibsonton, Florida that provided compounded drugs to TRICARE beneficiaries.

11.     Company 2 was a telemedicine call center with a principal place of business in Pennsylvania.   Company 2 worked with a pre-established network of doctors who wrote and signed compounded drug prescriptions for TRICARE beneficiaries even though they did not have legitimate provider patient interactions with TRICARE beneficiaries.

## B.   The Conspiracy

12.     Beginning in or about May 2014, and continuing through and including in or about August 2015, in the Middle District of Florida and elsewhere, the defendants,

JEREMIAH BEZROKOFF
and
DAVID FUNES,

did knowingly and willfully combine, conspire, confederate and agree with each other and with others, both known and unknown to the United States, to commit health care fraud, in violation of 18 U.S.C. § 1347.

## C.   Manner and Means of the Conspiracy

13.     The manner and means by which the defendants and their co-conspirators sought to accomplish the purpose and object of the conspiracy included, among others, the following:

a.     JEREMIAH BEZROKOFF, DAVID FUNES, and their co-conspirators would and did solicit TRICARE beneficiaries for their

TRICARE information and would pay and cause to be paid kickbacks to recruiters and beneficiaries in exchange for that information.

b.      JEREMIAH BEZROKOFF, DAVID FUNES, and their co-conspirators would and did give and cause to be given TRICARE beneficiaries' personal identifying information and pre-completed prescriptions for compounded drugs for TRICARE beneficiaries to licensed medical professionals, including Dr. Felmor Agatep and others, for them to sign and submit either in person or electronically to Company 1, Pharmacy 1, Pharmacy 2, and Pharmacy 3, without having legitimate provider-patient interactions.

c.      JEREMIAH BEZROKOFF, DAVID FUNES, and their co-conspirators would and did pay and cause to be paid kickbacks to licensed medical professionals, including Dr. Felmor Agatep, in exchange for them signing prescriptions for compounded drugs for TRICARE beneficiaries.

d.      JEREMIAH BEZROUKOFF, DAVID FUNES, and their co-conspirators would and did operate the Company 1 storefront location in Jacksonville, Florida, where they and their co-conspirators would work with individuals purporting to engage in "telemedicine" via the Company 2 call center, to give and cause to be given TRICARE beneficiaries' personal

identifying information to be used to generate false and fraudulent prescriptions for compounded drugs.

e.      JEREMIAH BEZROUKOFF, DAVID FUNES, and their co-conspirators would and did give and cause to be given the false and fraudulent prescriptions generated from the call center to Pharmacy 3, among other pharmacies, to be filled and billed to TRICARE.

f.      Pharmacy 1, Pharmacy 2, and Pharmacy 3 would and did submit and cause the submission of false and fraudulent reimbursement claims to TRICARE, based upon prescriptions for compounded drugs for TRICARE beneficiaries that were not legitimately prescribed.

g.      JEREMIAH BEZROKOFF, DAVID FUNES, and their co-conspirators would and did receive illegal healthcare kickbacks in the form of payments and commissions, from Pharmacy 1, Pharmacy 2, Pharmacy 3, and other co-conspirator pharmacies, based upon the amount TRICARE reimbursed on the false and fraudulent claims for compound drugs.

h.      JEREMIAH BEZROKOFF, DAVID FUNES, and their co-conspirators would and did maintain bank accounts that were used to receive, transfer, and disburse proceeds of the fraud scheme and to pay and receive kickbacks in furtherance of the fraud scheme.

i.      JEREMIAH BEZROKOFF, DAVID FUNES, and their co-conspirators would and did pay and cause to be paid kickbacks to co-conspirators, including Dr. Felmor Agatep, in exchange for the prescribers writing fraudulent prescriptions for compounded drugs for TRICARE beneficiaries.

j.      JEREMIAH BEZROKOFF, DAVID FUNES, and their co-conspirators would and did perform acts and make statements to hide and conceal and cause to be hidden and concealed, the purposes of, and the acts done in furtherance of, said conspiracy.

All in violation of 18 U.S.C. § 1349.

## COUNTS TWO AND THREE
(Solicitation or Receipt of Health Care Kickbbacks)

### A. Introduction

1. Paragraphs 1 through 11 and 13 of Count One of this Information are realleged and incorporated by reference as though fully set forth herein.

### B. Offense

2. On or about the dates set forth below, in the Middle District of Florida and elsewhere, the defendants,

JEREMIAH BEZROKOFF
and
DAVID FUNES,

did knowingly and willfully solicit and receive remuneration, that is, kickbacks

and bribes, directly and indirectly, overtly and covertly, in cash and in kind,

including by check, in return for submitting the compound prescriptions

described below on behalf of TRICARE beneficiaries to a pharmacy for the

furnishing and arranging for the furnishing of prescription compounded

drugs, for which payment may be made in whole and in part by TRICARE, as

set forth below:

| Count | Defendant | Approximate Date | Approximate Kickback Amount |
|-------|-----------|------------------|-----------------------------|
| TWO | JEREMIAH BEZROUKOFF | January 21, 2015 | $89,744.66 |
| THREE | DAVID FUNES | January 2, 2015 | $26,026.39 |

In violation of 42 U.S.C. § 1320a-7b(b)(1)(A) and 18 U.S.C. § 2.

## COUNTS FOUR AND FIVE
### (Illegal Monetary Transactions)

### A. Introduction

1. Paragraphs 1 through 11 and 13 of Count One of this Information

are realleged and incorporated by reference as though fully set forth herein.

### B. Offense

2. On or about the dates set forth below, in the Middle District of

Florida and elsewhere, the defendants,

JEREMIAH BEZROKOFF
and
DAVID FUNES,

did knowingly engage and attempt to engage in the monetary transactions set

forth below, in and affecting interstate commerce, in criminally derived

property of a value greater than $10,000, which property having been derived

from specified unlawful activity, namely conspiracy to commit health care

fraud, health care fraud, and the receipt and offering of health care kickbacks:

| Count | Defendant | On or About Date | Monetary Transaction |
|---|---|---|---|
| FOUR | JEREMIAH BEZROUKOFF | June 27, 2015 | The withdrawal of $200,000 via check (number 166) drawn on Wells Fargo account ending in 5218, which was deposited into Bank of America account ending in 9492 |
| FIVE | DAVID FUNES | July 14, 2015 | The wire transfer of $111,077.07 from VyStar Account ending in 0474 to Wells Fargo account ending in 3280 |

In violation of 18 U.S.C. §§ 1957 and 2.

## FORFEITURE

1.      The allegations contained in Count One are incorporated by

reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. §

981(a)(1)(C), 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(7).

2.      Upon conviction of a conspiracy of the violation of 18 U.S.C.

§ 1343 and 18 U.S.C. § 1347, in violation of 18 U.S.C. § 1349, as alleged in

Count One, the defendants, JEREMIAH BEZROUKOFF and DAVID

FUNES, shall forfeit to the United States, pursuant to 18 U.S.C. §

981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which

constitutes or is derived from proceeds traceable to the offense; and pursuant

to 18 U.S.C. § 982(a)(7), any property, real or personal, that constitutes or is

derived, directly or indirectly, from gross proceeds traceable to the

commission of the offense.

3.      The allegations contained in Counts Two and Three are

incorporated by reference for the purpose of alleging forfeiture pursuant to 18

U.S.C. § 982(a)(7).

4.      Upon conviction of a violation of 42 U.S.C. § 1320a-

7b(b)(1)(A), as alleged in Count Two as to JEREMIAH BEZROUKOFF, and

in Count Three, as to DAVID FUNES, the defendants shall forfeit to the

United States, pursuant to 18 U.S.C. § 982(a)(7), any property, real or

personal, that constitutes or is derived, directly or indirectly, from gross

proceeds traceable to the commission of the offense.

5. The allegations contained in Count Four as to JEREMIAH BEZROUKOFF and in Count Five as to DAVID FUNES are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 982(a)(1).

6. Upon conviction of a violation of 18 U.S.C. § 1957, as alleged in Count Four as to defendant JEREMIAH BEZROUKOFF, and in Count Five as to defendant DAVID FUNES, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property.

7. The property to be forfeited includes, but is not limited to, the following:

> The sum of at least $1,627,175.22 in proceeds the defendant, JEREMIAH BEZROUKOFF obtained as a result of the commission of the offenses; and

> The sum of at least $1,032,175.22 in proceeds the defendant, DAVID FUNES, obtained as a result of the commission of the offenses.

8. If any of the property described above, as a result of any act or omission of the defendants:

> a.   cannot be located upon the exercise of due diligence;

> b.   has been transferred or sold to, or deposited with, a third party;

> c.   has been placed beyond the jurisdiction of the court;

11

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be

divided without difficulty

the United States shall be entitled to forfeiture of substitute property pursuant

to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), and as

incorporated by 18 U.S.C. § 982(b)(1).

MARIA CHAPA LOPEZ
United States Attorney

By: _____
JULIE HACKENBERRY
Assistant United States Attorney

By _____
AMANDA L. RIEDEL
Assistant United States Attorney
Deputy Chief, Criminal Division